IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES K. BAKER,

    Plaintiff,

vs.                                                                       Case No. 6:10-cv-1089 DJS/LFG

TURNER ENTERPRISES, INC. and
MARK KOSSLER,

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's *Motion to Amend Complaint* [Doc. 18], filed March 1, 2011. For the reasons stated below, the motion will be granted.

**I.    BACKGROUND**

    **A.    Factual allegations of the original complaint**

Plaintiff James K. Baker commenced this case in state court alleging various state law claims in connection with the termination of his employment. Defendants removed the case to federal court on the grounds that Mr. Baker's claims arise under the Employee Retirement Income Security Act, and on diversity of citizenship grounds.

The complaint alleges that Defendant Turner Enterprises, Inc. ("TEI") hired Mr. Baker as Wildlife Manager in 1996 when it purchased the Vermejo Park Ranch, a working ranch and hunting facility in Colfax and Taos County. [Doc. 1-2, ¶¶ 3, 7.] Mr. Baker had worked in the same or similar capacity for the previous owner since 1975. [Id., ¶ 8.] In addition to working at the ranch, Mr. Baker apparently resided there in company housing for much of the duration of his employment, including up to the time his employment ended. Mr. Baker alleges that prior to 2007, he was regarded as a "devoted and respected Wildlife Manager," competent, and loyal to his employer. [Id., ¶ 10.]

In the spring of 2007, TEI hired a new General Manager, Defendant Mark Kossler. [Doc. 1-2, ¶ 11.] According to Mr. Baker, Mr. Kossler quickly established religious services at the TEI workplace, including "invitation-only bible studies." [Id., ¶ 11.] Mr. Kossler also allegedly commenced "preferential hiring and firing practices, based on attendance (or lack thereof) at the workplace religious services he had created and instituted at [the ranch]." [Id., ¶ 13.]

According to the allegations in the complaint, within two years, Mr. Kossler "had fired or forced the resignation of almost 60 percent of the 22 employees...who lived on site." [Doc. 1-2, ¶ 14.] The complaint further alleges that the employees Mr. Kossler fired or forced to leave did not participate in the religious services, but their replacements did. [Id., ¶ 14.]

Mr. Baker alleges that employees and ranch guests complained about the religious services, felt the services were inappropriate, and stated that the services made them feel uncomfortable. [Doc. 1-2, ¶ 15.] He claims that when he reported the complaints to Mr. Kossler, Mr. Kossler embarked on a pattern of retaliation and harassment that ultimately forced Mr. Baker to resign in 2009. [Id., ¶ 18.]

### B. Original complaint and proposed amended complaint

Mr. Baker's original complaint, removed from state court, alleges three counts: (1) Count I - breach of express and implied contract and violations of the covenants of good faith and fair dealing; (2) Count II - wrongful termination by constructive discharge; and (3) Count III - negligent supervision. Counts I and II are against both defendants; Count III is against TEI only.

Mr. Baker's proposed amendment: (1) drops Mr. Kossler from Counts I and II, while continuing them against TEI and (2) adds three new counts.[1] Two of the new counts are against Mr. Kossler only; the third new count is against both Defendants. Defendants do not object to the

---

[1] The counts in the proposed amended complaint are misnumbered. Plaintiff should correct this error when the amended complaint is filed.

proposed amendment to the extent it eliminates claims against Mr. Kossler. Defendants object to the addition of any new claims.

## II. LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure states that the court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). The decision whether to allow amendment of the pleadings under Rule 15(a) is within the discretion of the trial court. Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006). Leave sought must be given in the absence of any justifiable reason for the denial of the motion, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. ANALYSIS

Defendants oppose addition of new claims on the grounds of undue delay, prejudice, and futility. [Doc. 21.] The Court will therefore confine its discussion to these three grounds.

### A. Undue delay

Defendants argue the motion to amend should be denied on the grounds of undue delay. Undue delay may be an appropriate justification for denying a motion to amend. Foman, 371 U.S. at 182. In deciding whether a delay is "undue," the Court focuses primarily on the reasons for the delay and the party's explanation for the delay. Cohen v. Longshore, 621 F.3d 1311, 1313 (10th Cir. 2010).

The Court concludes there has been no delay, let alone "undue" delay, in seeking to amend. Mr. Baker moved to amend his complaint by March 1, 2011, the deadline that Judge Garcia established for amending pleadings. [Doc. 16 (Scheduling Order).] Defendants could have anticipated that Mr. Baker might be permitted to amend if he sought to do so within the time allowed

for amending pleadings. The Court considers an amendment prior to the deadline to be presumptively timely.

### B. Prejudice

Defendants also claim they will be prejudiced in their ability to complete discovery by the June 14, 2011 discovery deadline. The Court is not persuaded that the prejudice is sufficiently severe to deny Mr. Baker the opportunity to amend.

First, the Scheduling Order entered January 11, 2011 contemplated the possibility that Mr. Baker might move to amend the pleadings as late as March 1, 2011. Thus, the amendment should come as no surprise to Defendants. Second, although the addition of new causes of action may expand the scope of discovery, Defendants may seek from Judge Garcia an extension of the discovery deadline for good cause if they believe they will not be able to complete discovery within the deadline.[2]

Defendants nevertheless argue they are prejudiced because Mr. Baker failed to include healthcare provider information with his initial disclosures. Mr. Baker's failure to disclose healthcare providers previously is not a reason to deny amendment. If his physical or mental condition was not an issue before, it likely will become one with the addition of a claim for emotional distress, and he will be obligated to make appropriate disclosures. Moreover, the Court notes that Judge Garcia directed Mr. Baker's counsel to provide a five-year history of medical treatment and medical providers related to emotional distress. [Doc. 24 at 4.] This should substantially mitigate any prejudice Defendants may incur.

Defendants also object that Mr. Baker declined Judge Garcia's suggestion to dismiss Mr. Kossler from this lawsuit. Defendants' expectation that Mr. Kossler would be dismissed is not a

---

[2] Whether good cause exists or whether an extension would be warranted is left to the discretion of the referral Magistrate Judge. The Court expresses no opinion on the matter.

reason to deny an amendment that is otherwise timely.

    **C.**    **Futility**

        **1.**    **Intentional Infliction of Emotional Distress ("IIED")**

Defendants assert that Mr. Baker's proposed IIED claim is futile [Doc. 21 at 4.] Defendants cite two Tenth Circuit cases in which employees did not prevail on IIED claims against their former employers, but Defendants do not otherwise identify how Mr. Baker's proposed IIED claim is futile.

Moreover, the Court finds both cases inapposite at this stage of the proceedings. In <u>Starr v. Pearle Vision, Inc.</u>, the plaintiff's IIED claim was dismissed at the summary judgment stage, after the court reviewed the record and the totality of the circumstances. <u>Starr v. Pearle Vision, Inc.</u>, 54 F.3d 1548, 1558–59 (10th Cir. 1995). In <u>Daemi v. Church's Fried Chicken, Inc.</u>, the plaintiff's IIED claim was dismissed after a bench trial when the trial judge concluded that the elements had not been established by a preponderance of the evidence. <u>Daemi v. Church's Fried Chicken, Inc.</u>, 931 F.2d 1379, 1384 (10th Cir. 1991).

This case, by contrast, is at an earlier stage of the proceedings and the Court must determine whether Mr. Baker should be allowed to amend, not whether he will ultimately muster sufficient evidentiary support to prevail. Whether an actor's conduct is sufficient to support a claim for IIED "depends on the facts of each case, including the relationship of the parties." <u>Baldonado v. El Paso Natural Gas Co.</u> 176 P.3d 277, 284 (N.M. 2008) (quoting Restatement (Third) of Torts § 54 cmt. c (2005)). Although the allegations of a complaint may fail as a matter of law, absent a more particularized argument from Defendants identifying specifically how the proposed IIED claim is deficient, it would be premature in this case to conclude that the claim is futile.

        **2.**    **Defamation**

Defendants argue the proposed defamation claim must fail because Mr. Baker does not

identify any untrue statements that Mr. Kossler made to third parties about Mr. Baker. According to Defendants, under New Mexico law, a plaintiff must plead precisely the statements about which he complains. [Doc. 21 at 4.]

Federal, not state law, governs the sufficiency of the pleadings. Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003) (citations omitted) (holding that state pleading requirements regarding the degree of detail to be alleged as to claims arising under state law are irrelevant in federal court). Under the Federal Rules, a claim for relief need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Only a few matters are required to be plead with specificity; defamation is not one of them. Fed.R.Civ.P. 9. Thus, the Court declines to deny Mr. Baker leave to amend on the grounds that the proposed amended complaint does not identify the precise words he claims constitute defamation.

Furthermore, contrary to Defendants' argument that the lack of detail requires them to guess about the basis of Mr. Baker's defamation claim, the Court concludes the proposed amendment provides adequate notice. A defamatory communication is one that tends to "expose a person to contempt, to harm the person's reputation, or to discourage others from associating or dealing with [him or her]." Cory v. Allstate Ins., 583 F.3d 1240, 1243 (10th Cir. 2009) (brackets in original) (quoting N.M. Civ. UJI 13-1007). The proposed amended complaint alleges, for example, that Mr. Kossler "repeatedly and falsely accused Mr. Baker of allowing several of the employees whom Plaintiff supervised to commit illegal acts" [Doc. 18-1, ¶ 18.a]; that Mr. Baker's reputation was tarnished by Mr. Kossler's statements to the New Mexico Game and Fish Department [Id., ¶ 18.c]; and that Mr. Kossler falsely accused Mr. Baker of providing inaccurate elk counts [Id., ¶ 18.d]. The Court finds these descriptions sufficiently specific to place Defendants on notice of the claim. Additional detail may be developed through discovery.

### 3. Intentional Interference with Contractual Relationship

Defendants argue the tortious interference claim is futile because it fails to allege that Mr. Kossler acted with improper motive or means. [Doc. 21 at 5.] The Court disagrees.

The tort of intentional interference with contractual relationship can be accomplished by either of two methods: improper motive or improper means. Zarr v. Washington Tru Solutins, LLC, 208 P.3d 919, 921 (N.M.Ct.App. 2009). "What may qualify as 'improper means' depends to some degree on context and can include, but is not limited to predatory behavior, violence, threats or intimidation, deceit or misrepresentation, bribery, economic pressure, unfounded litigation, *defamation*, unlawful conduct, and perhaps violation of business ethics and customs." Zarr, 208 P.3d at 922 (emphasis added). Here, Mr. Baker's proposed amended complaint alleges defamation, which in the proper context can constitute improper means sufficient to support a claim for tortious interference with contract. Defendants fail to convince the Court that the claim is futile.

## IV. CONCLUSION

Plaintiff's request to amend is timely. Defendants have not shown they will suffer undue prejudice by the amendment or that amendment is futile.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Amend Complaint* [Doc. 18], filed March 1, 2011, is **GRANTED**

**IT IS FURTHER ORDERED** that Plaintiff shall file the amended complaint no later than May 6, 2011.

_____
**DON J. SVET**
**United States Magistrate Judge**