IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES K. BAKER,

           Plaintiff,
vs.                                                                        CIVIL NO. 10-1089 DJS/LFG

TURNER ENTERPRISES, INC.
and MARK KOSSLER,

           Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER came before the Court on Plaintiff's Motion for Reconsideration [Doc. 37] of its May 10, 2011 Memorandum Opinion and Order [Doc. 36]. The Court considered the motion, Response [Doc. 39] and Reply [Doc. 42]. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

**I.    PERTINENT LEGAL STANDARD**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. <u>Warren v. Am. Bankers Ins. of FL</u>, 507 F.3d 1239, 1243-44 (10th Cir. 2007). Instead, the federal rules provide two options to a litigant subject to an adverse order or judgment—"to file a motion to alter or amend the order or judgment pursuant to Fed. R. Civ. P. 59(e) or to file a motion seeking relief from the order or judgment pursuant to Fed. R. Civ. P. 60(b)." <u>Deuty v. HP (Hewlett-Packard)</u>, 2011 WL 1335858, *1 (D. Colo. Apr. 6, 2011) (unpublished) (*citing* <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir.1991)). Rule 59(e) applies when the motion for relief is filed within twenty-eight days of the order or judgment, and Rule 60(b) governs all other motions. <u>Id.</u> (*citing* Fed. R. Civ. P. 59(e)).

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). Generally speaking, Rule 59(e) relief is appropriate only where "the court has misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colorado Dept. of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009) (*quoting* Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). Stated differently, courts sometimes grant reconsideration where there is an intervening change in controlling law or a need to correct clear error or prevent manifest injustice, or new evidence exists. *See* Servants of the Paraclete, 204 F.3d at 1012.

Rule 60(b) permits the Court to reconsider an order due to, inter alia, a substantive "mistake of law or fact" by the Court, Fed. R. Civ. P. 60(b)(1), Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999), "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Fed. R. Civ. P. 60(b)(2), or as a result of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Rule 59(e) motions now must be filed within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b) motions must be filed within a "reasonable" period of time. Here, Plaintiff filed her motion within ten days of the Order at issue. The Court may consider the motion to consider under either Rule.

However, a motion to reconsider may not be used to re-litigate matters previously presented or raise arguments or present evidence that could have been raised prior to judgment. Van Skiver 952 F.2d at 1243. Nor should such motions be used to give a litigant the proverbial "second bite at the apple." *See* Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) (motion to reconsider is not a second opportunity for the losing party to make its strongest case, rehash arguments or dress up arguments that previously failed).

"Motions for 'reconsideration' will not be granted absent 'highly unusual circumstances.'" Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook, p. 1137 (2010 ed.). For example, relief under Rule 60(b) is appropriate only in extraordinary circumstances. Servants of Paraclete, 204 F.3d at 1009. *See also* Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994).

**II.      DISCUSSION**

Plaintiff does not contend that there was any intervening change in the controlling law, nor that a revision in the Court's order is necessary to correct clear error or prevent manifest injustice. Moreover, he does not argue that there is new evidence not previously available. Rather, he contends that he inadvertently failed to attach his affidavit and his spouse's affidavit to his response to the motion for protective order, due to technical difficulties with electronic filing. In the present motion, Plaintiff now appends his own affidavit and his wife's affidavit. [Doc. 37.] He argues that these affidavits contain information contradicting affidavit statements of Ted Turner and Beau Turner, thereby providing "adequate and substantial grounds" for taking the depositions of the Turners, who are considered high-level executive officers of the corporation. [Doc. 37.]

The Court carefully reviewed the newly attached affidavits. Nothing in Plaintiff's wife's affidavit is particularly noteworthy, nor would it serve to modify the Court's earlier ruling. Plaintiff's affidavit, however, asserts that Beau Turner was his direct supervisor, and that there were quarterly meetings between Plaintiff and Beau Turner to discuss matters relating to the Vermejo Park Ranch.

In contrast, Beau Turner earlier declared that he was not involved in the day-to-day management of Vermejo Park Ranch, and was not aware of problems that gave rise to this lawsuit until Plaintiff submitted his resignation letter. The Court notes that Plaintiff's affidavit raises some

3

question concerning the nature and extent of Beau Turner's involvement in the management of Vermejo Park Ranch.

However, nothing in Plaintiff's affidavit implicates either of the Turners in establishing any employment policy that might have discriminated against Plaintiff on religious grounds; nothing indicates that either of the Turners were responsible for any alleged decision to retaliate against Plaintiff; nothing contends that the Turners ratified purported actions taken by Defendant Kossler. *See* Bielicki v. Terminix Intern. Co., L.P., 225 F.3d 1159, 1164 (10th Cir. 2000) ("[a] corporation can ratify the acts of its agents by acquiescence in or acceptance of the unauthorized acts.").

In addition, the Court observes that Plaintiff's and his wife's affidavits do not indicate that the Turners have information that could not be obtained by way of deposition from Kossler or Russ Miller, the western ranches' general manager. In other words, Plaintiff failed to show that the Turners have "unique personal knowledge" of the matter in dispute and that such information cannot be obtained through the aforementioned witnesses. *See* Thomas v. Int'l Bus. Mach., 48 F.3d 478, 483 (10th Cir. 1995) (plaintiff did not show that IBM executive had personal knowledge or that IBM did not make direct supervisors available for depositions).

Plaintiff's conclusory assertions of "unique personal knowledge" are not persuasive, nor do Plaintiff's contentions about Beau Turner's participation in the "annual hunt meetings" demonstrate "unique knowledge" of the matters at issue. [*See* Doc. 42, Reply, pp. 1, 2.] Thus, after reviewing

Plaintiff's attached affidavits and the Court's earlier ruling, the Court will not modify or revise its prior ruling.[1]

   IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] Should Plaintiff develop evidence in his yet-to-be taken depositions of Defendant Kossler or general manager Russ Miller that demonstrates personal knowledge and involvement of Beau Turner as to the matters in dispute, or corporate ratification of an allegedly discriminatory decision to retaliate against Plaintiff, a renewed motion to compel the deposition of Beau Turner may be filed.